# Keystone Coal & Coke Company *v.* Pickands-Magee Company, Appellant.

*Contract—Sale—Evidence.*

In an action to recover the price of coke, where the defendant sets up that the coke delivered was not the same as that represented on the sale, and there is a great conflict of evidence as to the name, grade and value of the respective kinds of coke mentioned by the witnesses, the case is for the jury to determine which kind of coke was actually delivered, and whether it was the kind contemplated by the parties to the contract.

Argued April 14, 1909. Appeal, No. 15, April T., 1909, by defendant, from judgment of C. P. No. 4, Allegheny Co., Third Term, 1907, No. 89, on verdict for plaintiff in case of Keystone Coal & Coke Company v. Pickands-Magee Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for balance of purchase money. Before SWEARINGEN, P. J.

The opinion of the Superior Court states the facts.

Verdict and judgment for plaintiff for $1,481.67. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*H. K. Siebeneck*, with him *Warren T. Seymour* and *H. H. Patterson*, for appellant.—The party who voluntarily makes a contract must perform its essential terms before he can recover: Harris v. Sharples, 202 Pa. 243; Gillespie Tool Co. v. Wilson, 123 Pa. 19; Dauchey v. Drake, 85 N. Y. 407; Sheffield v. Balmer, 1 Mo. App. 176; McDonald v. Gardner, 56 Wis. 35; Lowry v. Cooper, 21 Ind. 269; Guillou v. Toudy, 5 W. N. C. 528.

*David E. Mitchell*, with him *William A. Griffith*, for appellee.

OPINION BY ORLADY, J., July 14, 1909:

The plaintiff brought suit for the balance of the contract

price of twenty-five cars of coke sold to the defendant, and credited the defendant with the amount received from a resale of a portion of the coke, less an extra freight charge. The defendant admitted the purchase of the coke, and nonpayment of a part of the price, but sets up that the coke delivered was not the same as that represented on the sale.

The coke involved in this controversy was sold to a broker, who in turn sold it to a manufacturing company. By the direction of the defendant, the coke was shipped direct from the plaintiff's ovens to the steel and iron company. Nine car loads were accepted and paid for, and the remaining sixteen were rejected. There was great conflict in the testimony with reference to the name, grade and value of the respective kinds of coke mentioned by the witnesses. It appears that seventy-two hour coke is generally known as foundry coke; forty-eight hour coke is generally known as furnace coke, and a third grade is known as stock coke. The order or purchase memorandum called for "Brand Latrobe, forty-eight hour furnace coke, to be shipped from Salem plant, to be made from washed coal." The shipping clerk of the plaintiff testified that he shipped furnace coke, and that it was up to the standard of what they were producing and shipping at that time. And that in loading it they exercised care in eliminating objectionable coke, so that it was all fresh with the exception of what may have been in the yard for a day or two when they were short of cars.

The defendant's point, "Under all the evidence, the verdict must be for the defendant," was properly refused. The defendant's first point, "The burden of proof is on the plaintiff; it must make out its case by the weight of testimony," was answered thus, "As a whole this point is refused." This point and answer standing alone would be quite confusing and might justify a reversal, but taken in connection with the charge of the court which immediately preceded it was harmless, and a proper declaration of the law was given to the jury as follows: "If you find that the contract between these parties was as stated by the plaintiff, that is to say, the plaintiff sold this coke without any representations as to whether it was furnace coke, or the amount of sulphur it contained and shipped the coke

just as it was there, then you will find a verdict for the plaintiff, but if you are not satisfied that this contract was made as detailed by the plaintiff, it is your duty to find a verdict for the defendant. You will recollect that the plaintiff here has brought this suit alleging that money is due it by the defendant, therefore the burden of proof of the contract rests upon the plaintiff, and the plaintiff must establish the contract by the weight of the evidence." And concluded the charge as follows: "Due weight must be given to each word of the purchase memorandum, that is, exhibit No. 1, which has been read in your hearing. It calls for forty-eight hour furnace coke, not simply forty-eight hour coke. The word 'furnace' must mean something. It must have some signifiance," as he was specially requested to do by the defendant.

The assignments of error are overruled. The judgment for the plaintiff is affirmed.